UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL SHRIVER, DORCAS GITHINJI and JASON SHRIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPIA POLICE DEPARTMENT, et al.,<br><br>Defendants. | CASE NO. C22-5138 MJP<br><br>ORDER GRANTING MOTION TO AMEND |

This matter comes before the Court on Plaintiffs' Motion to Amend. (Dkt. No. 9.) Having reviewed the Motion, Defendants' Response (Dkt. No. 10), the Reply (Dkt. No. 11), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiffs seek leave to amend their complaint to name the Thurston County Sherriff's Office as a Defendant. Plaintiffs aver that they did not know of the Sherriff's Office's involvement in this action until Defendant Olympia Police Department provided answers to

discovery on June 15, 2022. (See Declaration of Jonah Ohm Campbell ¶ 3 (Dkt. No. 12) (noting that the discovery was served in March 2022).) The discovery answers indicated that some of the SWAT members who were involved in the events at issue in this case were employees of the Sherriff's Office. (Id. ¶ 4 & Ex. 2.) After reviewing the discovery, counsel for Plaintiffs asked Defendants to stipulate to add the Sherriff's Office as a defendant. This request was made on July 15, 2022, just four days after the deadline for filing amended pleadings. (See id. Ex. 1; Scheduling Order (Dkt. No. 8).) Three weeks later, Defendants responded and refused to consent. (Ohm Decl. Ex. 1.) Plaintiffs then filed their motion to amend on August 23, 2022. (Dkt. No. 9.)

**ANALYSIS**

**A.      Legal Standard**

Because the deadline for amending the pleadings has passed, Plaintiffs must first demonstrate good cause to amend the scheduling order under Rule 16(b)(4). (See Dkt. No. 22 (setting amended pleading deadline for Nov. 29, 2021)).) Rule 16(b)(4) primarily focuses on the diligence of the party seeking the amendment. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court's scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking" the modification. Id. (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment).

If Plaintiffs satisfy Rule 16(b)(4), the Court then considers whether amendment is proper under Rule 15. Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Court should grant leave "[i]n the absence of any

1 apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the
2 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
3 prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,
4 etc." Foman v. Davis, 371 U.S. 178, 182 (1962). But "[n]ot all factors merit equal weight"—
5 "[p]rejudice is the touchstone of the inquiry under rule 15(a)." Eminence, 316 F.3d at 1052
6 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining
7 Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."
8 Id.

**B.    Leave to Amend is Proper**

Plaintiffs have satisfied both Rule 16(b)(4) and Rule 15(a) in their request to amend the complaint.

Defendants only oppose the motion on the grounds that Plaintiffs have not shown good cause to alter the amended pleading deadline under Rule 16(b)(4). (Dkt. No. 10.) The Court disagrees. Plaintiffs served the discovery that led to identification of the Sheriff's Office in March 2022. While Plaintiffs waited approximately one month from receipt of Defendants' discovery responses to ask Defendants to accept the amendment, counsel avers that during that time he performed a follow-up investigation and conferred internally as to whether to amend the complaint. (See Ohm Decl. ¶ 6.) This delay does not reflect a lack of diligence. Nor is the Court convinced that Plaintiffs then waited too long to file the motion, particularly since Defendants did not respond to Plaintiffs' request to consent to the amendment for roughly three weeks. (See id. ¶ 7.) On this record, the Court finds adequate diligence to satisfy Rule 16(b)(4)'s good cause requirement.

Though unchallenged, the Court finds that Plaintiffs have satisfied Rule 15(a). There is no evidence of undue delay, bad faith, prejudice or futility. And Plaintiffs appear to have a good faith basis on which to add the Sherriff's Office as a defendant. The Court GRANTS the Motion.

Plaintiffs' reply raises a new argument not addressed in the Motion—that Plaintiffs are merely joining the Sherriff's Office as a "John Doe" defendant. (See Reply (Dkt. No. 12).) The Court does not address this argument, which was improperly raised for the first time in reply and which is unnecessary to consider to resolve the pending Motion.

## CONCLUSION

The Court finds good cause to alter the case schedule under Rule 16(b)(4) and that the amendment is proper under Rule 15(a). Plaintiffs must file their amended complaint within 7 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 3, 2022.

Marsha J. Pechman
United States Senior District Judge