UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL SHRIVER, DORCAS GITHINJI and JASON SHRIVER, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPIA POLICE DEPARTMENT, TIFFANY COATES, JOSIAH LUTZ, THOMAS MILAVEC, NICHOLAS SMITH, JASON WATKINS, RYAN HIROTAKA, BRYAN HOUSER, COREY JOHNSON, VASILE KOVZUN, LEVI LOCKEN, THURSTON COUNTY SHERIFF'S OFFICE and DOES 1-10,<br><br>Defendants. | No. 3:22-cv-05138-MJP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY OF TWELVE REQUESTED** |

COME NOW the Plaintiffs Gabriel Shriver, Dorcas Githinji, and Jason Shriver, by and through their attorney of record, Gregory Albert of Albert Law PLLC, hereby allege the following against Olympia Police Department:

### I.   INTRODUCTION

1.1.   Police are not allowed to fire tear gas cannisters into a citizens' house, destroy the

FIRST AMENDED COMPLAINT – 1
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

citizens' front door with explosives, break the citizens' ribs on the ground by kicking them with steel-toed boots, and rip the citizens' shoulder out of socket merely because the police do not like the citizen. Yet, that is precisely what Olympia Police Department and Thurston County Sheriff's Office did. The only explanation Olympia Police officers have given for their actions, which they gave under oath, have proven to be unquestionably false. This is a standard case of police beating a citizen for yelling at them and then the police lying about the reasons later.

## II.   PARTIES

2.1. Plaintiff Gabriel Shriver was, at all times relevant, a citizen of the United States and a resident of Thurston County, Washington.

2.2. Plaintiff Dorcas Githinji was, at all times relevant, a resident of Thurston County, Washington.

2.3. Plaintiff Jason Shriver was, at all times relevant, a citizen of the United States and a resident of Thurston County, Washington.

2.4. Plaintiffs Dorcas Githinji and Jason Shriver are a marital community.

2.5. Defendant Olympia Police Department is a municipal corporation incorporated in Western Washington.

2.6. Officers Tiffany Coates, Josiah Lutz, Thomas Milavec, Nicholas Smith, Jason Watkins, Ryan Hirotaka, Bryan Houser, Corey Johnson, Vasile Kovzun, Levi Locken, and Does 1-10 were, at all times relevant, employees of Olympia Police Department.

2.7. Defendant Thurston County Sheriff's Office is a municipal corporation incorporated in Western Washington.

## III.   JURIDICTION AND VENUE

3.1. Jurisdiction and venue are proper in this Court because Defendants' actions and omissions occurred in Thurston County, Washington.

## IV.   FACTS

FIRST AMENDED COMPLAINT – 2
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

4.1. On January 26, 2020 Plaintiff Jason Shriver was under the influence of heavy painkillers given to him by physicians to ease his recovery from a serious shoulder surgery. While under the influence, Jason Shriver called 911 and asked the operator to "take away" his wife, Dorcas Githinji, for unspecified reasons. Neither Jason Shriver nor Dorcas Githinji alleged his or her spouse acted in any way that could constitute domestic violence.

4.2. While Jason Shriver, Gabriel Shriver, and Dorcas Githinji were sleeping, Olympia Police Department came to their home at 4318 5th Ave NW, Olympia, WA 98502 and knocked on their door. Mr. Shriver informed the officers neither he nor his wife had engaged in any activity that the police could have conceivably construed as domestic violence. Mr. Shriver informed police their assistance was unnecessary. When police refused to leave, Mr. Shriver began yelling at them from inside his house to leave his private property. Mrs. Githinji remained calm, exited the house, explained the situation, and repeatedly asked the police to leave.

4.3. Without probable cause or even reasonable articulable suspicion of a crime, Olympia police officers grabbed Dorcas Githinji, who was wearing only a nightgown with no undergarments, and detained her in the back of an Olympia Police Department vehicle in 44-degree weather. Olympia Police Department detained Mrs. Githinji against her will in the cold for several hours without reasonable suspicion, despite her repeated requests to sit in a neighbor's warm truck. During that time, Olympia police officers interrogated Mrs. Githinji about whether Jason Shriver *had assaulted her*, not whether she had assaulted Jason Shriver, which she repeatedly and credibly denied. The officers did not allow her to leave even after Mrs. Githinji repeatedly explained to the interrogating officer that Jason Shriver never assaulted her.

4.4. Without probable cause or even reasonable articulable suspicion of a crime, Olympia police officers grabbed Gabriel Shriver as he was exiting the house, detaining him in the back of an Olympia Police Department vehicle in 44-degree weather. Olympia Police Department detained Gabriel Shriver against his will in the cold for several hours without

FIRST AMENDED COMPLAINT – 3
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

1 reasonable suspicion, despite his repeated requests to sit in a neighbor's warm truck.

2        4.5. Jason Shriver remained in his home and Olympia Police Department sought a search warrant to enter Jason Shriver's home and arrest him. Officer Nicholas Smith called Thurston County District Court Judge Brett Buckley and falsely informed Judge Buckley that Jason Shriver assaulted Mrs. Githinji by grabbing her wrist and striking her against the chest. Officer Smith was describing Mrs. Githinji holding Jason Shriver's hand and giving Jason Shriver a hug as she was leaving her house to speak with the officers waiting outside. Judge Buckley asked Officer Smith what Mrs. Githinji had told the officers about the assault, and Officer Smith falsely stated that Mrs. Githinji was uncooperative and would not tell the officers if she was assaulted. Prior to this, Mrs. Githinji repeatedly told the officers, including Officer Smith, that Jason Shriver had never assaulted her. Officer Smith also misrepresented that the officers assisted Mrs. Githinji escape from her house. In actuality, Mrs. Githinji had hugged her husband, exited the house without issue, and repeatedly had to ask the officers why they were at her home. Officer Smith omitted that, after telling the police officers that their presence was unnecessary and unwanted, Mrs. Githinji attempted to re-enter her home to be with her husband, and as a result two officers grabbed her from each side and then detained her in a police vehicle for several hours.

       4.6. While Jason Shriver waited for his attorney to return his phone call, an armored vehicle arrived and shot an explosive projectile at his home, destroying Mr. Shriver's door. Olympia Police Department and Thurston County Sheriff's Office then shot over a dozen tear gas cannisters into Mr. Shriver's home, destroying windows, walls, and deeply saturating the home with tear gas fumes. Olympia Police Department and Thurston County Sheriff's Office entered the home and arrested Mr. Shriver. Mr. Shriver did not resist and implored the officers to not damage his shoulder. Olympia Police Department and Thurston County Sheriff's Office handcuffed Mr. Shriver and dislocated his shoulder, causing severe damage to his recently reconstructed shoulder. While handcuffed on the ground, Mr. Shriver was kicked multiple

FIRST AMENDED COMPLAINT – 4
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

times, breaking three of his ribs and causing permanent damage. Mr. Shriver's head and shoulders were repeatedly thrown against different surfaces as he was taken out of his house, and he was thrown into a police vehicle. As a result of the pain, Mr. Shriver lost consciousness and did not re-awaken until he was taken to the hospital. After Jason Shriver's arrest, Defendants performed a warrantless search of Dorcas Githinji and Jason Shriver's home, ransacking the home and causing property damage.

4.7. As a result of Defendants' false allegations of domestic violence, Jason Shriver was prosecuted for domestic violence and a no contact order was issued between Jason Shriver and Dorcas Githinji. Jason Shriver spent almost a year and a half in jail while waiting for his trial and was unable to see his wife Dorcas Githinji as a result of the no contact order. In May 2021 the charges against Jason Shriver were dismissed and he was released from custody. Jason Shriver and Dorcas Githinji, who married shortly before January 2020, spent almost two years apart from each other as a result of Defendants' false allegations.

## V.   COUNT ONE

### NEGLIGENCE

5.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

5.2. Defendants Olympia Police Department and Thurston County Sheriff's Office had a duty to hire, train, and supervise its employees in a reasonable manner.

5.3. Defendants had a duty to avoid violating the constitutional rights of the Plaintiffs.

5.4. Defendants had a duty to avoid searching the Plaintiffs' home and arresting the Plaintiffs without cause.

5.5. At all times material, Olympia Police Department and Thurston County Sherrif's Office's agents were acting within the scope and course of their employment.

5.6. Defendants Olympia Police Department and Thurston County Sheriff's Office are liable for the actions of its agents under the doctrine of respondeat superior.

FIRST AMENDED COMPLAINT – 5
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

5.7. As a direct and proximate result of Defendants' actions and omissions, Plaintiffs were damaged.

## VI.   COUNT TWO

### VIOLATION OF THE FOURTHTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

6.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

6.2. The Fourteenth Amendment to the United States Constitution guarantees the protections of the Fourth and Fifth Amendment against violations by state actors.

6.3. Under the Fourth Amendment of the United States Constitution, the Plaintiffs were entitled a reasonable expectation of privacy and to be free from illegal search and seizure.

6.4. Under the Fifth Amendment of the United States Constitution, the Plaintiffs were entitled to due process of law.

6.5. While acting under the color of state law, Defendants' agents violated Plaintiffs' Fourth Amendment rights guaranteed by the United States Constitution by arresting Plaintiffs without cause, knowingly providing false information to a judge in order to obtain a search warrant, and entering and searching Mrs. Githinji and Jason Shriver's home without cause.

6.6. While acting under the color of state law, Defendants' agents violated Plaintiffs' Due Process rights guaranteed under the United States Constitution by detaining Plaintiffs without cause, knowingly providing false information to a judge in order to obtain a search warrant, and entering Mrs. Githinji and Jason Shriver's home without cause.

## VII.   COUNT THREE

### DEPRIVATION OF CIVIL RIGHTS 42 U.S.C. § 1983

7.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

FIRST AMENDED COMPLAINT – 6
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

7.2. Under 42 U.S.C. § 1983(b) Plaintiffs are entitled to recover reasonable attorney fees and costs incurred in bringing this action.

## VIII.   COUNT FOUR

### FALSE ARREST

8.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

8.2. Defendants intentionally and knowingly detained Plaintiffs against their will and without cause.

8.3. As a direct and proximate result of Defendants' false arrests, Plaintiffs were damaged.

## IX.   COUNT FIVE

### ASSAULT AND BATTERY

9.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

9.2. Defendants arrested Plaintiffs without cause, resulting in unwanted touching and the apprehension of unwanted touching.

9.3. As a direct and proximate result of Defendants' assault and battery, Plaintiffs were damaged.

## X.   COUNT SIX

### TRESPASS

10.1. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 4.1 through 4.7.

10.2. Defendants knowingly and intentionally entered onto Jason Shriver and Dorcas Githinji's property without cause and remained on the property after being requested to leave.

10.3. As a direct and proximate result of Defendants' trespass, Dorcas Githinji and Jason

FIRST AMENDED COMPLAINT – 7
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

Shriver were damaged.

## XI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

11.1. For all damages sustained by the Plaintiffs in amounts to be proven at trial;

11.2. For interest calculated at the maximum amount allowable by law, including pre- and post-judgment interest;

11.3. For reasonable attorney fees and costs as allowed by law;

11.4. For taxable costs and disbursement pursuant to statute; and

11.5. For any other and further relief as this Court may deem just and equitable.

DATED October 4, 2022

By: _____
Gregory W. Albert, WSBA 42673
Jonah L. Ohm Campbell, WSBA 55701
ALBERT LAW PLLC
3131 Western Ave, Suite 410
Seattle, WA 98121
Telephone: (206) 576-8044
E-mail: greg@albertlawpllc.com
jonah@albertlawpllc.com
*Attorneys for Plaintiffs*

FIRST AMENDED COMPLAINT – 8
Cause No. 3:22-cv-05138-MJP

ALBERT LAW PLLC
3131 Western Ave. Suite 410
Seattle, WA 98102
(206) 576-8046

# CERTIFICATE OF FILING AND SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following party:

**TO:**
John E. Justice
Law, Lyman, Daniel, Kamerrer, & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA 98508

**Method(s) of Service:**

| ☐ Electronic Mail | ☐ U.S. Mail | ☐ Personal Service/Legal Messenger |
| --- | --- | --- |
| ☒ E-Service | ☐ Facsimile Transmission | ☐ Other:_____ |

*Notes:*

Dated this day, October 4, 2022 at Seattle, Washington.

*Carmen Albert*
_____
Carmen Albert

CERTIFICATE OF SERVICE - 1

**ALBERT LAW PLLC**
3131 WESTERN AVENUE, SUITE 410
SEATTLE, WASHINGTON 98121
PHONE: (206) 576-8044