UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL SHRIVER, DORCAS GITHINJI and JASON SHRIVER,<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPIA POLICE DEPARTMENT, et al.,<br><br>Defendants. | CASE NO. C22-5138 MJP<br><br>ORDER GRANTING MOTION TO AMEND |

This matter comes before the Court on Plaintiffs' Motion to Amend. (Dkt. No. 22.) Having reviewed the Motion, Defendants' Response (Dkt. No. 23), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiffs seek leave to amend their complaint to name the Nichole Glenn as a defendant. (Mot. at 1.) Plaintiffs aver that they learned of Glenn's identity as an Olympia Police Department Officer and her involvement in the events underlying the claims through discovery. (See id. at 2.)

ORDER GRANTING MOTION TO AMEND - 1

Plaintiffs filed the Motion on December 13, 2022, which is also the deadline for joining additional parties. (Compare Mot. at 2 with Dkt. No. 20.)

## ANALYSIS

**A.  Legal Standard**

Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Court should grant leave "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). But "[n]ot all factors merit equal weight"—"[p]rejudice is the touchstone of the inquiry under rule 15(a)." Eminence, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

**B.  Leave to Amend is Proper**

Plaintiffs have satisfied Rule 15(a) in their request to amend the complaint. There is no evidence of undue delay, bad faith, or dilatory motive, and Defendants make no contrary argument. Instead, Defendants insist that the amendment is futile given what they perceive to be insufficient allegations about Glenn's specific conduct. The Court disagrees. The proposed second amended complaint names Glenn as an Olympia Police Department Officer and she is part of the "Olympia police officers" who are alleged to have participated in the events at issue. While the proposed second amended complaint could be more specific as to each individual

officer's actions, the Court sees no <u>per se</u> bar to this approach and finds that the allegations are, in fact, quite detailed. The Court also notes that Defendants have never challenged the adequacy of these same allegations which are in the existing complaint. Defendants have filed answers and have never claimed these same allegations fail to satisfy Rule 8(a)'s notice pleading standard. (<u>See</u> Dkt. Nos. 15, 21.) To the extent Defendants wish to challenge the sufficiency of the allegations as to Glenn under Rule 12, they may do so. But the Court is not convinced that the proposed amendment to add Glenn is futile. The Court therefore GRANTS the Motion.

**CONCLUSION**

The Court finds that the proposed amendment to the complaint is proper under Rule 15(a). Plaintiffs must file their second amended complaint within 7 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 6, 2023.

Marsha J. Pechman
United States Senior District Judge