UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORCAS GITHINJI and JASON SHRIVER,<br><br>                Plaintiffs,<br><br>   v.<br><br>OLYMPIA POLICE DEPARTMENT, et al.,<br><br>                Defendants. | CASE NO. C22-5138 MJP<br><br>ORDER DENYING MOTION FOR TERMINATING SANCTIONS |

This matter comes before the Court on Defendants Joint Rule 37(e) Motion or Terminating Sanctions Against Plaintiffs for Spoliation of Evidence. (Dkt. No. 44.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 48), the Reply (Dkt. No. 54), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

This case arises out of an incident at Plaintiffs' home on January 26, 2020, that lead to the arrest Plaintiff Jason Shriver by several members of OPD and SWAT members of the TCSO.

(Am. Compl. ¶ 4.1.) On the night of the arrest, Shriver had a video camera at his front door, which was set to record twenty-four hours a day. (Declaration of John Justice Ex. 2 at 73 (Dkt. No. 45) (Shriver Dep.).) Shriver has testified that the camera was set to record on the night of the incident and that it recorded all of the events until the SWAT blew up the door to Plaintiffs' home. (Id. at 74-75.) Shriver testified that he believed the videos were stored remotely for approximately two weeks. (Id. at 81.) But he states in a declaration that he has since learned that they are automatically deleted after seven days by Xfinity, the provider of the video service. (Declaration of Jason Shriver ¶ 1 (Dkt. No. 50).) Shortly after the incident, Shriver saved five videos of the incident depicting events from when the OPD officers arrived at the home, and he sent a copy to his criminal defense attorney. (Shriver Dep. at 75, 80; Shriver Decl. ¶ 5.) Shriver's attorney soon asked him to download more recordings, at which point Shriver learned that they had been permanently deleted by Xfinity. (Shriver Decl. ¶¶ 6-7.) Shriver has produced all records in his possession.

Defendants believe that Shriver spoliated evidence because a full copy of the video cannot be retrieved and because it may show a portion of the incident where officers believed Shriver assaulted his wife, Plaintiff Dorcas Githinji, and "[a]ll of the SWAT activities." (Mot. at 4.) Shriver testified that he intended to file suit as early as the evening of the incident, given how he was treated. (Shriver Dep. at 87-88.) But Defendants overstate the record as to the recording of "[a]ll of the SWAT activities," because the camera ceased recording when the SWAT members blew up the door to Plaintiffs' home. Separately, the Court notes that there is no evidence Plaintiff Githinji had any access or control over the video recording system.

|   |   |
|---|---|
| 1 | **ANALYSIS** |
| 2 | **A.     Legal Standard** |

3    Spoliation of evidence is the "failure to preserve property for another's use as evidence,

4 in pending or future litigation." <u>Kearney v. Foley & Lardner, LLP</u>, 590 F.3d 638, 649 (9th Cir.

5 2009). A party's "duty to preserve evidence is triggered when a party knows or reasonably

6 should know that the evidence may be relevant to pending or future litigation." <u>E.E.O.C. v. Fry's

7 Elecs., Inc.</u>, 874 F. Supp. 2d 1042, 1044 (W.D. Wash. 2012). Once triggered, this duty extends to

8 any documents or tangible items that the party knows or should know are relevant to the

9 litigation. <u>Apple Inc. v. Samsung Elecs. Co.</u>, 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012)

10 (citing <u>Zubulake v. UBS Warburg LLC</u>, 220 F.R.D. 212, 218 (S.D.N.Y. 2003)). The test for

11 determining spoliation is as follows: "'[a] party seeking an adverse inference instruction (or

12 other sanctions) based on the spoliation of evidence must establish the following three elements:

13 (1) that the party having control over the evidence had an obligation to preserve it at the time it

14 was destroyed; (2) that the records were destroyed with a "culpable state of mind;" and (3) that

15 the evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact

16 could find that it would support that claim or defense.'" <u>Id.</u> at 1138 (quoting <u>Zubulake</u>, 220

17 F.R.D. at 220).

18    "A federal trial court has the inherent discretionary power to make appropriate

19 evidentiary rulings in response to the destruction or spoliation of relevant evidence," which

20 includes the power "to permit a jury to draw an adverse inference from the destruction or

21 spoliation against the party or witness responsible for that behavior." <u>Glover v. BIC Corp.</u>, 6

22 F.3d 1318, 1329 (9th Cir.1993). "Courts should choose 'the least onerous sanction corresponding

23 to the willfulness of the destructive act and the prejudice suffered by the victim.'" <u>Apple Inc. v.

24

Samsung Elecs. Co., 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012) (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d. Cir. 1994)). "In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." Id. at 993.

**B.    Inadequate Evidence of Spoliation**

Although Shriver did not preserve a copy of the video showing the full events of the evening of the arrest, the Court finds that he did not spoliate any evidence. The record here shows that although Shriver intended to file suit at the time of the incident, he did not have any reason to know that the recording of the video would be permanently deleted by Xfinity soon after the incident. So while he knew he could save portions of the video, he did not know he had to act swiftly to save the full video before Xfinity permanently deleted it. There is no evidence that Shriver acted willfully or in bad faith not to preserve more of the recording. The Court finds inadequate evidence of spoliation and DENIES the Motion.

The Court also notes that there exist many other means for Defendants to provide evidence of the alleged domestic violence and the arrival of the SWAT members. Indeed, Defendants could have worn body cameras and recorded the incident themselves, but apparently chose not to. At trial, Defendants will be free to inquire of Shriver as to the reasons he did not save a copy of the full video. Though the Court believes a jury instruction likely remains improper, it will consider a proposal based on the trial evidence. However, any such instruction will not apply to Plaintiff Githinji, as there is no evidence she had any ability to access or control the video in question.

**C.    Plaintiffs' Motion to Strike**

Plaintiffs ask the Court to strike Defendants' Motion as improperly noted. The Court DENIES this request as MOOT, because the motion was fully briefed and any harm from an early noting date has been negated.

Plaintiffs also ask the Court to strike representations in Defendants' briefing about Shriver's testimony. The Court DENIES the motion to strike. The briefing is merely argument. To the extent that the briefing distorts the actual testimony, the testimony is the only admissible evidence. There is no basis or need to strike the briefing.

## CONCLUSION

The Court DENIES Defendants' Motion. There is inadequate evidence of spoliation. The Court also DENIES Plaintiffs' Motion to Strike.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 24, 2023.

Marsha J. Pechman
United States Senior District Judge