UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORCAS GITHINJI and JASON SHRIVER, <br><br> Plaintiffs, <br><br> v. <br><br> OLYMPIA POLICE DEPARTMENT, et al., <br><br> Defendants. | CASE NO. C22-5138 MJP <br><br> ORDER GRANTING MOTION TO AMEND |

This matter comes before the Court on Plaintiffs' Motion to Amend. (Dkt. No. 64.) Having reviewed the Motion, Defendants' Response (Dkt. No. 71), the Reply (Dkt. No. 72), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

With a May 2024 trial looming in this civil rights action, Plaintiffs ask the Court for leave to amend their complaint for a third time "to simplify the issues in this case" by "removing" certain claims and parties and adding a loss of consortium claim. (Mot. at 2.) To understand the

request, the Court reviews the salient factual allegations, the procedural posture, and the Parties' arguments.

**A.      Core Factual Allegations**

Plaintiffs Jason Shriver and Dorcas Githinji, a married couple, pursue federal and state law claims against the Olympia Police Department (OPD) and several of its officers. (See Sec. Am. Compl. (See Dkt. No. 22).)[1] And although Plaintiffs had pursued claims against the Thurston County Sheriffs' Office (TCSO) and at least one of its deputies, they dismissed the claims with prejudice. (See Dkt. No. 61.)

This case arises out of an incident at Plaintiffs' home that lead to the arrest of Plaintiff Jason Shriver by several members of OPD and SWAT members of the TCSO. On the evening of January 26, 2020, Shriver was under the influence of heavy painkillers prescribed to ease his recovery from shoulder surgery. (Sec. Am. Compl. ¶ 4.1.) He called 911 and asked the operator to "take away" his wife. (Id.) OPD officers responded to the call later that evening while Plaintiffs were asleep. (Id. ¶ 4.2.) Shriver told the OPD officers who arrived at the house that neither he nor his wife was engaged in domestic violence and asked the police to leave. (Id.) Officers refused to leave. (Id.) Plaintiff Dorcas Githinji then exited the house to ask the officers to leave. (Id.) The officers refused to leave and instead detained Githinji during which she repeatedly denied that there had been any domestic violence. (Id. ¶ 4.3.) Shriver continued to refuse to exit his home, and the OPD and TCSO deputies with the SWAT then used explosives and tear gas to force Shriver out of the home. (Id. ¶ 4.6.) Shriver alleges that the deputies and

---

[1] The Court notes that although Plaintiffs were ordered to file their second amended complaint within seven days of entry of the Court's Order permitting the amendment, they failed to do so. (See Dkt. No. 24.) The Court therefore refers to the proposed amended complaint attached to the motion at Dkt. No. 22.

ORDER GRANTING MOTION TO AMEND - 2

1  officers used excessive force in arresting him. (Id.) Shriver was charged with domestic violence
2  and spent nearly a year-and-a-half in jail awaiting his trial, during which he was barred from
3  seeing his wife. (Id. ¶ 4.7.) The charges were dismissed in May 2021, and he was released from
4  custody. (Id.)

5        Plaintiffs pursue the following claims against OPD and several OPD officers: (1)
6  negligence, (2) violations of the Fourth Amendment, (3) violations of the Fifth Amendment, (4)
7  false arrest, (5) assault and battery, and (6) trespass. (Sec. Am. Compl. ¶¶ 5.1 – 10.3.)

8  **B.**     **Procedural Facts**

9        The Court has twice allowed Plaintiffs to amend their initial complaint. First, the Court
10 granted permission to name the TSCO as a Defendant. (Dkt. No. 13.) Second, the Court granted
11 Plaintiffs' second request to add claims against Nichole Glenn, an OPD Officer. (Dkt. No. 24.)

12       Before Plaintiffs dismissed their claims against TCSO and its officers, TCSO
13 successfully moved for and obtained summary judgment on all of Plaintiffs' state law claims
14 asserted against it. (Dkt. No. 55.) As the Court noted in its Order, this left TCSO as a defendant
15 named on Plaintiffs' federal claims. (Id.) Plaintiffs then chose to dismiss all claims against
16 TCSO, a stipulated request that the Court approved by separate order. (See Dkt. No. 61.)

17 **C.**     **Third Request to Amend**

18       Plaintiffs now wish to amend their complaint for a third time to: (1) "remove" all claims
19 against TCSO and its officers, (2) "remove" claims for assault, battery, and trespass, (3)
20 "remove" claims against all but four OPD officers, (4) add a loss of consortium claim, and (5) fix
21 typographical errors. (Mot. at 2.) The OPD officers which Plaintiffs propose to remove are:
22 "Josiah Lutz, Jason Watkins, Ryan Hirotaka, Bryan Houser, Valie Kovzun, Levi Locken, and
23 Nichole Glenn" (the Court refers to these individuals as the "OPD Officers"). (See Proposed
24

Third Am. Compl. ¶ 2.6 (Dkt. No. 65-1 at 3.) The Court reviews the reasons Plaintiffs provide in their briefing for the amendment.

First, Plaintiffs' request to dismiss the claims against TCSO and its officers appears to be purely cosmetic. Plaintiffs already stipulated to, and the Court ordered the dismissal of Plaintiffs' claims against TCSO and its officers with prejudice. (See Dkt. No. 61.)

Second, as to the OPD Officers, Plaintiffs' Motion argues that discovery no longer supports claims against them. Plaintiffs explain that "[t]he primary issue in this case has always been whether [OPD] had probable cause to arrest Jason Shriver ('Jake') for allegedly assaulting Dorcas Githinji ('Shiku Shriver')." (Mot. at 2.) And having developed the facts of this case through discovery, "there does not appear to be support for claims against several of the previously-named OPD officers who were not at the scene at the time when Jake allegedly assaulted Shiku." (Id. (emphasis in original).) But in their Reply, Plaintiffs argue they wish to dismiss the claims against the OPD Officers "to streamline the issues in this case, not to abandon potentially viable claims against those defendants." (Reply at 2.) Plaintiffs do not explain what those claims are and how this statement can be squared with the argument presented in their opening brief.

Third, Plaintiffs ask to dismiss the assault, battery, and trespass claims against all of the named defendants in order to "simplify the case into straightforward issues." (See Mot. at 2.)

Lastly, Plaintiffs explain that they wish to add the loss of consortium claim "out of an abundance of caution" because their expert was unable to find a DSM-V diagnosis applicable to Plaintiff Shiku Shriver's trauma. (Mot. at 3-4.) But the expert has determined that her mental anguish and trauma were traceable to her inability to communicate with her husband while he

was incarcerated sufficient to support a loss of consortium claim. (Id.) Plaintiffs note that this is consistent with the allegations already set out in the Second Amended Complaint at ¶ 4.7. (Id.)

Defendants do not oppose dismissal of the claims against the OPD Officers and dismissal of the assault, battery, and trespass claims. (Response at 1.) But they ask that the Motion be treated as a voluntary dismissal under Rule 41(a)(1), and that the Court dismiss these claims with prejudice. (Id.) They also ask that the loss of consortium claim be denied because it is not a cause of action, but "an element of damages." (Id. at 1-2 (citing Long v. Dugan, 57 Wn. App. 309, 313 (1990).

In their reply, Plaintiffs object to construing their Motion to Amend as a motion for voluntary dismissal. (Reply at 2.) Plaintiffs also argue that a loss of consortium has been considered a separate cause of action under Washington law, making it proper to allow amendment. (Id. at 3 (citing Reichelt v. Johns-Manville Corp., 107 Wn.2d 761, 776 (1987) (emphasis added); Green v. A.P.C. (Am. Pharm. Co.), 136 Wn.2d 87, 101 (1998)).)

## ANALYSIS

**A.     Amendment to Scheduling Order**

Before the Court considers the merits of Plaintiffs' Motion, it highlights an issue both Parties ignored: timeliness of the motion to amend.

In its original scheduling order, the Court set December 23, 2022 as the deadline for filing amended pleadings. (Dkt. No. 20.) And although the parties obtained an extension of certain case deadlines (Dkt. No. 52), they did not ask for an extension of this deadline. As such, the deadline for filing amended pleadings has passed. In order for Plaintiffs to obtain leave to amend the complaint, they must first demonstrate good cause to amend the scheduling order under Rule 16(b)(4). This is an issue that neither party briefs. While the Court could simply deny

the motion without considering its merits, the Court instead examines the issue given the Parties' near agreement on the amendment and the record before it.

Rule 16(b)(4) primarily focuses on the diligence of the party seeking the amendment. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court's scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking" the modification. Id. (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment).

Although Plaintiffs utterly failed to brief this requirement, it appears that Plaintiffs have acted with some degree of diligence in seeking to amend. Plaintiffs' motivation to amend appears to stem from information they have learned through discovery and their own experts. The Court appreciates the candor displayed and Plaintiffs' interest in streamlining the case for trial. The Court is therefore left with the impression that Plaintiffs have acted with diligence in seeking leave to amend. And Defendants have voiced no opposition on timeliness grounds. As such, the Court finds good cause to amend the case schedule to consider this untimely motion.

**B.    Construction of the Motion**

Before considering the merits of the Motion, the Court must first determine whether Plaintiffs' Motion to Amend should be viewed as a motion to amend under Rule 15(a) or a motion for voluntary dismissal under Rule 41(a).

When a party seeks to dismiss some, but not all, of its claims, Rule 15 governs. See Gen. Signal Corp. v. MCI Telecomm.'s Corp., 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."). That is because Rule 41(a) speaks to dismissal of an "action," not "claims." See Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987). But the Ninth Circuit has

1    also held that the term "action" in Rule 41(a) applies to when a party seeks to dismiss all claims

2    against a single defendant leaving claims against other defendants. Pedrina v. Chun, 987 F.2d

3    608, 609-10 (9th Cir. 1993). So when a plaintiff dismisses all of the claims against a party, the

4    dismissal of those claims should be considered under Rule 41(a) even if claims against other

5    named defendants remain in the action. See id.

6        These rules apply with mixed results here.

7        First, Rule 15(a) applies to Plaintiffs' request to "remove" the assault, battery, and

8    trespass claims against OPD and the remaining individual defendants. That is because the

9    amendment does not amount to a dismissal of the "action" against these Defendants—just a

10   subset of claims. There are other claims that remain against these Defendants, and they continue

11   to be named parties. The Court will consider the proposed removal of these claims under Rule

12   15(a).

13       Second, as to all of Plaintiffs' claims against the OPD Officers, the Court agrees with

14   Defendants that the "removal" of the claims should be treated as a dismissal under Rule 41(a).

15   That is because the amendment removes all of the claims against these individuals, and they are

16   no longer parties to the litigation. That is equivalent of a dismissal of the entire "action" against

17   them, rather than dismissal of just a subset of "claims." See Pedrina, 987 F.2d at 609-10; Gen.

18   Signal, 66 F.3d at 1513.

19   **C.    Leave to Amend**

20       The Court agrees with Plaintiffs that they may amend their complaint dismiss the assault,

21   battery, and trespass claims without prejudice and add a loss of consortium claim.

22

23

24

ORDER GRANTING MOTION TO AMEND - 7

1  A court must grant leave to amend under Rule 15 "when justice so requires." Fed. R. Civ. P. 15(a). In Foman v. Davis, the Supreme Court set forth several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). "Not all of the [Foman] factors merit equal weight. . . . [T]he consideration of prejudice to the opposing party ... carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

The Court finds that the proposed removal of the assault, battery, and trespass claims should be permitted and that doing so leads to a dismissal without prejudice. First, there is no basis to find undue delay, bad faith, or a dilatory motive on Plaintiffs' behalf. Plaintiffs have elected to make this amendment to narrow the issues for trial. The Court finds this reasoning valid. And Defendants make no argument that there is any prejudice from the removal of these claims. As such, the Court will permit the amendment and sees no valid basis on which to condition the dismissal with prejudice.

Second, the Court will allow the addition of the loss of consortium claim. Defendants cite to Washington case law suggesting that loss of consortium is an element of damages and not a separate cause of action. See Long v. Dugan, 57 W. App. 309, 313 (1990). But Plaintiffs note

1    that more recent Supreme Court authority supports the position that "Washington recognizes loss
2    of consortium as a separate, not derivative, claim." <u>Green v. A.P.C. (Am. Pharm. Co.)</u>, 136
3    Wn.2d 87, 101 (1998). This finds further support in the Washington Pattern Civil Jury
4    Instructions, which state that "[l]oss of consortium is the separate claim of the 'deprived' spouse
5    suffering the loss and any recovery received is that spouse's property." WPIC § 32.04, Comment
6    (citing <u>Reichelt v. Johns-Manville Corp.</u>, 107 Wn.2d 761, 776 (1987)). As such, the Court finds
7    that the proposed amendment is proper, and that Plaintiffs should be permitted to add the claim.
8    The facts underlying the claim have been previously alleged and Defendants provide no evidence
9    of prejudice via amendment. On this basis the Court GRANTS the Motion.
10          Separately, the Court notes that Plaintiffs may make the proposed typographical changes.
11   This includes, but is not limited to, removal of TCSO and the Doe defendants, as doing so
12   merely conforms to the status of the prior dismissal.
13   **D.      Voluntary Dismissal of Action Against OPD Officers**
14          The Court finds that Plaintiffs may voluntarily dismiss their claims against the OPD
15   Officers under Rule 41(a), but that the dismissal must be with prejudice.
16          "When ruling on a motion to dismiss without prejudice, the district court must determine
17   whether the defendant will suffer some plain legal prejudice as a result of the dismissal."
18   <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 96 (9th Cir. 1996). Plain legal prejudice is
19   not merely the prospect of another lawsuit. <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d
20   143, 145 (9th Cir.1982). Plain legal prejudice means prejudice to some legal interest, legal claim,
21   or legal argument. <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir.2001).
22          As Plaintiffs conceded in their Motion, "there does not appear to be support for claims
23   against" the OPD Officers. (Mot. at 2.) Plaintiffs reached that conclusion after litigating this case
24

ORDER GRANTING MOTION TO AMEND - 9

for more than a year and completing discovery in early December 2023. The Court finds it improper to allow voluntary dismissal without prejudice given Plaintiffs' admission that they do not have support for their claims against the OPD Officers. In many ways, Plaintiffs' proposed dismissal is made to avoid a near-certain adverse ruling that the claims against the OPD Officers cannot proceed. See Maxum Indem. Ins. Co. v. A–1 All Am. RoofingCo., 299 F. App'x. 664, 666 (9th Cir. 2008). Dismissal without prejudice would cause these defendants to suffer plain legal prejudice as they would not enjoy any of the benefits of having litigated this action for quite some time and Plaintiffs' concession that the claims cannot proceed. Based on this record, the Court finds that the dismissal of the claims against the OPD Officers as a voluntary dismissal must be with prejudice.

## CONCLUSION

The Court GRANTS Plaintiffs' Motion to Amend. Although the Motion is untimely and Plaintiffs failed to seek leave, the Court finds good cause to allow the late-filed motion. The Court also finds that the proposed amended complaint is acceptable and may be filed. But as to the "removal" of the claims against the OPD Officers, the Court finds that the "removal" must be considered a voluntary dismissal under Rule 41(a) and that the claims are dismissed with prejudice. On these grounds, the Court accepts the proposed third amended complaint. Plaintiffs must file the third amended complaint within 7 days of entry of this Order. Failure to file the amended complaint as ordered may result in sanctions.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 10, 2024.

Marsha J. Pechman
United States Senior District Judge