UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORCAS GITHINJI and JASON SHRIVER,<br><br>                    Plaintiffs,<br><br>    v.<br><br>OLYMPIA POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | CASE NO. C22-5138 MJP<br><br>ORDER DENYING MOTION TO AMEND |

This matter comes before the Court on Plaintiffs' Motion to Amend. (Dkt. No. 100.) Having reviewed the Motion, Defendants' Response (Dkt. No. 102), the Reply (Dkt.. No. 108), and all supporting materials, the Court DENIES the Motion.

Plaintiffs seek permission to file a fourth amended complaint in order to name the City of Olympia as a defendant. (Mot. at 1.) Plaintiffs wish to "substitute" the City for the Olympia Police Department (OPD), which they initially named as a defendant when they filed their complaint on February 22, 2022. (Id.; see Compl. (Dkt. No. 1-1).) Defendants filed a Motion for Partial Summary Judgment that Defendants on January 1, 2024 that pointed out that OPD was

not a properly-named party, a point Plaintiffs conceded in their response filed on January 22, 2024. On February 20, 2024, the Court found Plaintiffs' claims were not properly asserted against OPD and dismissed OPD as a party. (Order on Mot. for Partial SJ at 7-9 (Dkt. No. 99).) The Court also rejected Plaintiffs' request submitted in their response brief to "substitute" Olympia for OPD. (Id. at 8.) Over three weeks later, on March 15, 2024, Plaintiffs filed their Motion to Amend. In it, they admit they incorrectly named OPD as a party and reason that this "oversight" was "based on the incorrect by intuitive presumption that OPD was the proper respondeat superior party because it employed Defendant police officers." (Mot. at 1.) They ask the Court to allow the amendment after the deadline for amendment expired on December 22, 2022, and point out the various ways in which they believe the City of Olympia will not be prejudiced by an amendment just a month before trial. (See id.; Case Scheduling Order (Dkt. No. 20).)

Because the deadline to amend has expired, Plaintiffs must first satisfy Rule 16(b)(4) by demonstrating good cause to amend the case scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id. Comments to the Rule suggest that the district court may modify the pretrial schedule only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Adv. Comm. Noters (1983 amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving part "was not diligent, the inquiry should end." Id.

1    Plaintiffs have failed to show the diligence necessary to support a finding of good cause
2  to allow the fourth amendment to their complaint. As Plaintiffs concede, they initially named
3  OPD rather than the City of Olympia based on an "intuitive presumption," rather than any legal
4  or factual research. This conceded lack of diligence largely dooms Plaintiffs' Motion because it
5  speaks to counsel's carelessness. See Johnson, 975 F.2d at 609. Moreover, Plaintiffs did not act
6  promptly to remedy this problem after Defendants pointed it out. Defendants moved for
7  summary judgment on January 4, 2024, and in their January 22, 2024 response, Plaintiffs
8  conceded their error. (Dkt. No. 86.) But rather than separately moving for leave, as was required,
9  Plaintiffs filed a response that merely requested the Court to substitute the entities in ruling on
10 Defendants' Motion for Partial Summary Judgment. Such a request was improper, as the Court
11 explained, and it evidences a lack of diligence and attention to the Federal Rules of Civil
12 Procedure. (Dkt. No. 99 at 8.) Plaintiffs then waited over three weeks after the Court issued its
13 ruling to seek leave to amend. Plaintiffs offer no reason to justify any of this delay, including any
14 reason why they did not seek leave to amend immediately upon reviewing Defendants' Motion.
15 Instead, they appear to blame Defendants for not having "apprise[d] Plaintiffs that they had not
16 named the party in-interest" at some earlier point. (Mot. at 2.) It is true that Defendants waited
17 until January 2024 to move for relief on this issue and did not explicitly point out this defect in
18 their answer to the complaint. But Plaintiffs bore the responsibility to have investigated this issue
19 prior to filing suit, and they improperly and carelessly decided to rely on an "intuitive
20 presumption," rather than adequate research. The Court cannot excuse Plaintiffs' failure to act
21 promptly and diligently merely because Defendants did not tumble to this flaw earlier. Based on
22 the record before the Court, there Court finds a complete absence of diligence that might support

1  altering the case schedule just weeks before trial. This forecloses Plaintiffs' request, and the

2  Court DENIES the Motion to Amend. See Johnson, 975 F.2d at 609.

3      The clerk is ordered to provide copies of this order to all counsel.

4      Dated April 17, 2024.

*[signature]*

Marsha J. Pechman
United States Senior District Judge